UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No.: 7:09-cr-00030-GRA-2 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Wilford Antonio Drummond, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582. (ECF No. 218.) For the following reasons, Defendant's Motion is DENIED without prejudice.

## **Background**

A jury found Defendant guilty of one count of conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 ("Count One"); one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841 ("Count Two"); one count of knowingly possessing a firearm, in violation of 18 U.S.C. § 922(g) ("Count Five"); and one count of using and carrying or possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Six"). (Verdict Form, ECF No. 145.)  On November 15, 2009, this Court sentenced Defendant to a total term of 300 months imprisonment. This term consisted of 240 months as to Counts One and Two and 120 months as

to Count 5, with all such terms to run concurrently, and 60 months consecutive as to Count Six. (Judgment, ECF No. 167.)

On April 18, 2011, Defendant filed a motion seeking a sentence reduction "[b]ased on the retroactive application of Amendments[] [to] the United States sentencing guidelines, (706) and (711) . . . ." (Mot. 1, ECF No. 211 (parentheses in original).) The Court analyzed Defendant's motion under 706 and 711, and, pursuant to its duty to construe liberally pleadings filed by *pro se* litigants, also analyzed Defendant's motion under Amendment 748, a recent amendment reducing Sentencing Guideline ranges for crack cocaine offenses. (Order 4, ECF No. 212.) Finding that Amendments 706 and 711 were applied to Defendant at his sentencing and that Amendment 748 was not retroactive, the Court denied the motion. (*Id.*)

Defendant filed the instant Motion on June 27, 2011, this time explicitly seeking a reduction of his sentence based on Amendment 748.

## Standard of Review

Defendant brings this claim *pro se*. District courts are required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

## Discussion

Section 3582(c)(2) provides that where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2010). However, if an amendment is not listed in § 1B1.10(c), it may not be applied retroactively in a § 3582(c)(2) motion. *See id.* § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009).

Defendant asks this Court to reduce his sentence based on Amendment 748, which implemented provisions of the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 ("FSA"). The FSA directs the United States Sentencing Commission to promulgate emergency amendments to the Guidelines that would bring the Guidelines into conformity with the Act's substantive provisions. *See* 124 Stat. at 2374. The result of that directive was Amendment 748, which, among

other things, adjusted downward the base offense levels for crack cocaine possession. Amendment 748 is a temporary, emergency amendment.

On April 6, 2011, the Sentencing Commission re-promulgated as permanent the provisions of Amendment 748 and, on April 28, 2011, submitted the amendment for congressional review. *See* 76 Fed. Reg. 24960, 24962 (May 3, 2011). On June 30, 2011, the United States Sentencing Commission voted to give Amendment 748, which will be designated Amendment 750 in Appendix C, retroactive effect. 76 Fed. Reg. 41332–41335 (July 13, 2011). However, absent congressional action to the contrary, Amendment 750 will not have retroactive effect until its effective date of November 1, 2011. *Id.* at 41332. Therefore, as of the date of this Order, Amendment 750 is not yet listed in § 1B1.10(c) of the Guidelines and thus cannot serve as a basis for sentence reduction under § 3582.

Because Defendant's Motion is premature, the Court denies it without prejudice. Defendant has leave to re-file his Motion on or after November 1, 2011.

IT IS THEREFORE ORDERED THAT Defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 be DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

July 14, 2011
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL DECISION**

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within **fourteen (14)** days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**