UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Cr. No.: 7:09-cr-00030-GRA-2 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| Wilford Antonio Drummond, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant's *pro se* Motion for
Modification of Sentence Pursuant to 18 U.S.C. § 3582.  (ECF No. 199.)  For
the following reasons, Defendant's Motion is DENIED without prejudice.

**Standard of Review**

Defendant brings this claim *pro se*.  District courts are required to
construe liberally pleadings filed by a *pro se* litigant to allow for the development
of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365
(1982) (per curiam).  Such pleadings are held to a less stringent standard than
those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th
Cir. 1978).

**Background**

Section 3582(c)(2) provides that where a defendant has been sentenced
to a term of imprisonment based on a sentencing range that has subsequently

been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The applicable policy statement is found in U.S.S.G. § 1B1.10(a). Where a defendant is serving a term of imprisonment, and the Guidelines range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines listed in § 1B1.10(c), a reduction in the defendant's prison sentence is authorized under 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a)(1) (2010). However, if an amendment is not listed in § 1B1.10(c), it may not be applied retroactively in a § 3582(c)(2) motion. *See id.* § 1B1.10(a)(2); *United States v. Dunphy*, 551 F.3d 247, 249 n.2 (4th Cir. 2009).

This motion is based on Amendment 750 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011) (succeeding the temporary emergency amendment, Amendment 748, enacted on November 1, 2010). On June 30, 2011, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be

applied retroactively.  This amendment became effective on November 1, 2011.

Further, the Commission amended Application Note 10(D) to § 2D1.1 in order to

remedy sentencing anomalies under Amendment 750.  This amendment became

effective on November 1, 2011; therefore this matter is now ready for

disposition.

### Discussion

A jury found Defendant guilty of one count of conspiracy to possess with

intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 ("Count One");

one count of possession with intent to distribute crack cocaine, in violation of 21

U.S.C. § 841 ("Count Two"); one count of knowingly possessing a firearm, in

violation of 18 U.S.C. § 922(g) ("Count Five"); and one count of using and

carrying or possessing a firearm in furtherance of a drug trafficking crime, in

violation of 18 U.S.C. § 924(c) ("Count Six").  (Verdict Form, ECF No. 145.)  On

November 18, 2009, Defendant was sentenced pursuant to the 21 U.S.C. §

841(b)(1)(A) (2006), which imposed a statutory minimum sentence of 120

months,[1] 18 U.S.C. § 924(c), which imposed a statutory minimum sentence of

60 months to run consecutively to any other term of imprisonment, and 18

---

[1] Congress amended section 841(b)(1)(A) on August 3, 2010 to increase the amount of cocaine base that triggered the mandatory minimum sentence of ten years from 50 grams to 280 grams.  21 U.S.C. § 841(b)(1)(A) (Supp. 2010).  However, Congress declined to make the amendment to the statute retroactive.  Thus, the version of 21 U.S.C. § 841(b)(1)(A) in effect when Defendant was sentenced under still applies here.

U.S.C. § 922(g).   The Defendant's sentence involved the following sentencing range:

| | |
|---|---|
| Total Offense Level: | <u>32</u> |
| Criminal History Category: | <u>III</u> |
| Months Imprisonment: | <u>300</u> |

Taking into consideration these guidelines, the Court sentenced Defendant to 300 months for Counts 1, 2, 5, and 6.  This term consisted of 240 months as to Counts One and Two and 120 months as to Count 5, with all such terms to run concurrently, and 60 months consecutive as to Count Six.  Defendant's sentence was not reduced pursuant to U.S.S.G. § 5K1.1, Rule 35, or a variance under 18 U.S.C. § 3553(a), and it was rendered after the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

Defendant now, through his § 3582(c)(2) motion, requests a proportionate reduction of his sentence to reflect the most recent reduction of cocaine base sentences provided by Amendment 750.  After taking into account all of the amendments to §§ 1B.10 & 2D1.1, the Court finds that the amended sentencing range should remain the same:

| | |
|---|---|
| Total Offense Level: | <u>32</u> |
| Criminal History Category: | <u>III</u> |
| Months Imprisonment: | <u>300</u> |

This Court will not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment. U.S.S.G. § 1B1.10(b)(1).

Defendant's sentence was based on the statutorily mandated minimum sentence under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c), not the United States Sentencing Guidelines. Because Defendant's sentence was not based on the Sentencing Guidelines, and Amendment 750 lowered only the crack cocaine offense levels in § 2D1.1 of the Sentencing Guidelines, Amendment 750 does not lower Defendant's applicable sentencing ranges. *See United States v. Hood*, 556 F.3d 226, 228 (4th Cir. 2009) (affirming the district court's order concluding it did not have jurisdiction to reduce the defendants' sentences because the sentences were based on a statutory mandatory minimum, not the drug guidelines).

## Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1 and 1B1.10, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that the defendant's previously imposed sentence shall remain in effect and not be reduced because it is a sentence within the revised advisory guidelines range.

Except as provided by this Order, all provisions of Defendant's previous sentence dated November 18, 2009, remain in full force.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Modification or Reduction of Sentence is DENIED.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 12, 2012
Anderson, South Carolina


<u>**NOTICE OF RIGHT TO APPEAL DECISION**</u>

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Defendant has the right to appeal this Order within **fourteen (14)** days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**